

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-78,260-01

**EX PARTE DANIEL VILLEGAS, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 76187 IN THE 41ST DISTRICT COURT
### FROM EL PASO COUNTY

*Per curiam*. PRICE, J., filed a concurring opinion.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder and sentenced to life imprisonment. The Eighth Court of Appeals affirmed his conviction. *Villegas v. State*, No. 08-95-00272-CR (Tex. App.—El Paso July 10, 1997) (unpublished).

Applicant contends, in several allegations, that he received ineffective assistance of counsel, and that he is actually innocent.

The trial court held a series of live hearings and made findings of fact and conclusions of law. The trial court determined that counsel was ineffective and Applicant is actually innocent under

*Schlup v. Delo,* 513 U.S. 298 (1995). Based on this Court's independent review of the record, we agree that Applicant is entitled to relief due to ineffective assistance of counsel, but disagree that he has shown he is actually innocent. In a *Schlup* actual-innocence claim, evidence demonstrating innocence is a prerequisite the applicant must satisfy to have an otherwise barred constitutional claim considered on the merits. *Schlup*, 513 U.S. at 314-15. In this case, the trial court found that Sixth Amendment ineffective assistance of counsel violations, combined with the cumulative evidence of innocence, showed that Applicant was actually innocent. Because Applicant's ineffective assistance of counsel claims are not procedurally barred as subsequent, a *Schlup* innocence claim dependent on them is improper. We further find that Applicant has not shown that new facts "unquestionably establish" his innocence. *Ex parte Elizondo*, 947 S.W.2d 202, 209 (Tex. Crim. App. 1996). However, we agree Applicant has demonstrated that counsel was ineffective for not presenting evidence of possible alternative perpetrators and for not discovering and presenting evidence that would have allowed the jury to give effect to the voluntary confession jury instruction submitted in this case.

Relief is granted. The judgment in Cause No. 76187 in the 41st District Court of El Paso County is set aside, and Applicant is remanded to the custody of the Sheriff of El Paso County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: December 18, 2013
Publish